GEORGE E. COY, Respondent, *v.* RICHARD M. MARTIN and Others, as Executors, etc., of WILLIAM CAMPBELL, Deceased, Appellants.

*Master and servant — what is a sufficient notice of discharge.*

A person employed to take charge of the distribution of goods in a salesroom and warehouse, who enters upon that employment for one year at a guaranteed salary, and is subsequently, within the year, notified by his employer that his services are no longer required in connection with the salesroom and warehouse, but that if he desires to make sales of goods in another State, or in any other territory that is not engaged, he may put to paper what they consist of and the employer will give the matter his best attention, is justified in treating such notice as a discharge from his employment.

APPEAL by the defendants, Richard M. Martin and others, as executors, etc., of William Campbell, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of February, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of February, 1898, denying the defendants' motion for a new trial made upon the minutes.

*L. E. Warren*, for the appellants.

*Arthur C. Palmer*, for the respondent.

RUMSEY, J. :

The plaintiff claimed that on the 8th of July, 1895, he was employed by William Campbell for one year at a guaranteed salary

of $5,000, to work for Campbell in his business of wall paper as general manager, and that such employment continued until the 12th of March, 1896, when the plaintiff was wrongfully discharged from his employment by Campbell. This action was brought to recover the damages which he had sustained by reason of such wrongful discharge. It was brought on the 12th of April, 1896, and before the year had expired, but was not tried until the month of February, 1898. In the meantime Campbell had died, and his executors were substituted as defendants. The death of Campbell took away the right of the plaintiff to be sworn as a witness, and he, therefore, was compelled to make his case by the evidence of one Fisher, who testified to hearing the contract of employment made between Campbell and the plaintiff, on the 8th day of July, 1895. The truthfulness of this testimony was attacked by the defendant, not only upon cross-examination, but by facts which it was claimed tended to overthrow it; but it was, clearly, upon the whole case, a question for the jury whether the contract was made. The defendants claimed that the plaintiff was not wrongfully discharged, and that there was an entire failure of evidence in that regard.

The plaintiff was employed to take charge of the distribution of goods in the salesroom and warehouse, and he entered upon that employment upon the day when the contract was made. On the 12th day of March, 1896, he was notified by Campbell that his services would no longer be required in connection with the salesroom and warehouse, but that if he desired to make sales of goods in Ohio, or in any other territory that was not engaged, he might put to paper what they consisted of, and Campbell would give the matter his best attention. It was claimed by the defendant that this letter did not constitute a discharge of the plaintiff from his employment, but that claim is clearly unfounded. The plaintiff had been employed to perform certain specified duties in the city of New York. Campbell notified him that he would no longer be kept in that employment. If the notification had stopped there it would have been a discharge of the plaintiff and a breach of the contract by Campbell. The fact that Campbell expressed a willingness to employ him as a traveling salesman upon a different contract did not take away the fact of the discharge from the previous employment. There was practically no defense to the action, and the jury

could not have made any other finding than they did upon the case presented.

The judgment and order appealed from must be affirmed, with costs.

Patterson, O'Brien and Ingraham, JJ., concurred.

Judgment and order affirmed, with costs.